Filed 6/29/26  P. v. Carmarena CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>GAMALIEL CARMARENA,<br><br>　　　Defendant and Appellant. | B345681<br><br>(Los Angeles County<br>Super. Ct. No. 24ARCF00779) |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed.

Naomi L. Svensson, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney, Michael Keller and Patricia Rosman, Deputy Attorneys General, for Plaintiff and Respondent.

Following a jury trial, defendant and appellant Gamaliel Carmarena[1] was found guilty of attempted murder (Pen. Code, §§ 664, 187; count 1),[2] assault with a deadly weapon (§ 245, subd. (a)(1); count 2), battery causing serious bodily injury (§ 245, subd. (d); count 3), and resisting an executive officer (§ 69; count 4). The attempted murder was determined to have been willfully committed with premeditation and deliberation. (§ 664, subd. (a).) On counts 1 through 3, allegations of great bodily injury inflicted on the victim (§ 12022.7, subd. (a)) and the personal use of a knife (§ 12022, subd. (b)(1)) were found to be true.

Defendant waived his right to a jury trial on alleged aggravating circumstances and a prior conviction charged under the Three Strikes law (§§ 667, subd. (b)–(i), 1170.12, subds. (a)–(d)). All allegations, including the prior conviction, were found true by the court. Defendant was sentenced to life plus 12 years and four months in prison.

Defendant contends the judgment of conviction on the attempted murder charge should be reversed because there was insufficient evidence that he intended to kill the victim. We affirm the judgment because a rational trier of fact could have determined defendant harbored an intent to kill when he attempted to stab the victim approximately 30 times in his chest and abdomen.

---

[1]     The notice of appeal reflects an incorrect spelling of defendant's last name—"Camarena."

[2]     Further statutory references are to the Penal Code.

2

## I. *Testimony*

On May 10, 2024, around 11:30 p.m., Manuel Cortez Jimenez was drinking beer and conversing with defendant in front of a 7-Eleven on Lincoln Boulevard in Venice. Jimenez was a panhandler living on the streets of Venice and other nearby cities. He and defendant had been congregating in the vicinity of the 7-Eleven for about a week; defendant occasionally joined Jimenez for a drink.

At some point, defendant said "something friendly" to Jimenez. Jimenez was intoxicated and, in a friendly way, placed his hand on defendant's shoulder. Another man in the area handed Jimenez a cigarette, and the small group gathered to chat. Jimenez was unarmed.

Unprovoked, defendant surprised Jimenez by attempting to stab him multiple times. He felt an object cut his left hand. Jimenez had no way to protect himself. He attempted to "push away the knife" but was unsuccessful. Jimenez moved away from defendant to avoid the attack. He realized he was bleeding from his left hand and noticed a puddle of blood underneath him that extended toward the street. Jimenez never thought defendant was a threat to him.

At the time of the stabbing, Tamarah Cohen was in her car working as a security guard at the apartment complex across the street from the 7-Eleven. She observed defendant and Jimenez engaging in a normal conversation. Cohen first thought defendant began punching Jimenez, but when she saw blood she

---

[3] Generally speaking, the summary of facts is limited to evidence that is relevant to the issue on appeal.

realized defendant had a knife and had stabbed him. Jimenez exclaimed "stop, stop" while defendant was swinging the knife. Cohen testified that Jimenez asked defendant, "what he was doing" and "why is he doing this[?]" Defendant eventually fled. Cohen dialed 911.

Los Angeles Police Officer Luis Rosas and his partner responded to the scene. Rosas observed Jimenez sitting in a pool of blood and holding his hand. Jimenez was transported to St. John's Hospital. Rosas issued a "crime alert" which notified other officers to be on the lookout for defendant and included images of defendant taken from the 7-Eleven video surveillance camera.

Defendant was treated for a laceration to his hand. The cut extended from the bottom of his pinky finger to the top half of his hand. Discoloration was visible on his abdomen.

On May 26, 2024, Rosas observed defendant in the parking lot of the Venice 7-Eleven. After a struggle with officers, defendant was arrested.

## II. *The Surveillance Video*

A surveillance video from the 7-Eleven documented the incident and was played for the jury. It showed Jimenez, defendant, and two other men congregating in front of the 7-Eleven. Jimenez lit a cigarette for defendant while defendant held it in his mouth. Jimenez's gait was unsteady. At some point they were joined by a third man in a wheelchair. After two of the men left the scene, defendant suddenly, and in rapid succession, began swinging his right arm toward Jimenez's chest and abdomen. Jimenez held his hands up in a defensive posture and attempted to move away from defendant but he appeared to have difficulty doing so because defendant's left hand was holding onto Jimenez's shirt. Defendant struck Jimenez's upper torso and

4

abdomen an approximate total of 30 times.  When Cohen arrived, defendant fled the scene holding a knife in his right hand.

## DISCUSSION

### I.  *Standard of Review*

"In reviewing a criminal conviction challenged as lacking evidentiary support, '"the court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.]' [Citation.]" (*People v. Streeter* (2012) 54 Cal.4th 205, 241.)  "'An appellate court must accept logical inferences that the jury might have drawn from the evidence even if the court would have concluded otherwise.' [Citation.]" (*Id.*, at p. 241.)

### II.  *Analysis*

"Every attempted murder conviction requires '"the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing."' [Citation.]" (*People v. Mumin* (2023) 15 Cal.5th 176, 217.)  A finding of intent to kill may be "based on circumstantial evidence of the crime—the '"method employed"' or the '"mode of attack."' [Citation.]  Such inference is not novel or unusual:  Because '[d]irect evidence of intent to kill is rare,' intent to kill 'ordinarily . . . must be inferred from the statements and actions of the defendant and the circumstances surrounding the crime.' [Citation.]" (*Ibid.*)

Defendant argues the evidence was insufficient to support a finding of intent to kill because (1) the attempts to stab Jimenez were not "well aimed" and "penetrating," (2) defendant

did not use a longer knife or "employ a thrusting motion that made its way through Jimenez's clothing," and (3) defendant had no "animus toward Jimenez." Defendant's approach invites us to reweigh the evidence and ignore the requirement that we view the evidence in the light most favorable to the judgment.

The video, coupled with the testimony of Jimenez and Cohen, established defendant and Jimenez engaged in friendly chatter before defendant suddenly launched approximately 30 swings with a knife toward Jimenez's chest and abdomen. A rational trier of fact could conclude that by thrusting a knife that many times, in an effort to stab an unsuspecting, intoxicated and defenseless victim in vital areas of his body, defendant manifested an intention to kill. (See *People v. Bolden* (2002) 29 Cal.4th 515, 561 [plunging knife into a vital area of the body of unsuspecting and defenseless victim evinces intent to kill]; *People v. Moore* (2002) 96 Cal.App.4th 1105, 1114 [stabbing in vulnerable area of body is consistent with an intent to kill].)

The fact that Jimenez was able to partially fend off the attack and limit his injuries to abdominal bruising and a laceration to his hand does not vitiate defendant's intended result. "[T]he degree of the resulting injury is not dispositive of defendant's intent. Indeed, a defendant may properly be convicted of attempted murder when no injury results." (*People v. Avila* (2009) 46 Cal.4th 680, 702, see also *People v. Lashley* (1991) 1 Cal.App.4th 938, 945 [that "the victim may have escaped death" due to "poor marksmanship" does not abrogate intent to kill].) Sufficient evidence supported the jury's verdict.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

KUMAR, J.[*]

We concur:

HOFFSTADT, P. J.

KIM (D.), J.

---

[*] Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.